■ DAVID MERRICK, Appellant, v ETAN MERRICK, Respondent.—Order, Supreme Court, New York County (Walter M. Schackman, J.), entered May 8, 1991, which insofar as appealed from, denied plaintiff's motion to amend the complaint to add a cause of action for a declaratory judgment that defendant has no right to equitable distribution, unanimously affirmed, without costs.

The parties, who had previously been married, remarried in Connecticut in August 1983, and moved to New York a month later where they resided for the duration of the remarriage. At the time of the remarriage, plaintiff's property was under conservatorship as a result of a stroke that had partially incapacitated him several months earlier. Under Connecticut law (Conn Gen Stat § 46b-29 [a], [b]), persons under the supervision or control of a conservator may not be issued a marriage license without the consent of the conservator, and "Any person married without [such] consent * * * shall acquire no rights by such marriage in the property of any person who was under such control or supervision at the time of the marriage." Admittedly, in this case, the parties did not obtain the consent of plaintiff's conservator, and thus plaintiff's

proposed cause of action for a declaratory judgment that the remarriage is void under Connecticut law was properly allowed. However, the Connecticut statute does not control distribution of the parties' marital assets. Under the New York conflicts of law doctrine, " '[t]he law of the jurisdiction having the greatest interest in the litigation will be applied and * * * the [only] facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict' " *(Schultz v Boy Scouts,* 65 NY2d 189, 197, quoting *Miller v Miller,* 22 NY2d 12, 15-16). Here, the parties were commonly domiciled in New York for all but one month of their remarriage, and the substantial marital assets all are located in New York. New York's interest in equitably distributing the property of its domiciliaries predominates over Connecticut's interest in enforcing section 46b-29 (b), which is not, in any event, specifically addressed to rights to marital property. Accordingly, leave to amend the complaint to add a cause of action for a declaratory judgment that defendant has no rights to equitable distribution under New York law was properly denied. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.